T.C. Memo. 1996-524

UNITED STATES TAX COURT

JOHN AND BETTY RICHARDSON STAFFORD, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 994-96.                    Filed November 27, 1996.

Betty Richardson Stafford, pro se.

<u>Pamela S. Wilson</u>, for respondent.

MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Special Trial
Judge Robert N. Armen, Jr., pursuant to the provisions of section
7443A(b)(4) and Rules 180, 181, and 183.[1]  The Court agrees with

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, and all Rule references are to the Tax

and adopts the opinion of the Special Trial Judge, which is set forth below.

## OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, Special Trial Judge:  This matter is before the Court on respondent's Motion To Dismiss For Lack Of Jurisdiction. Although respondent contends that this case must be dismissed on the ground that John and Betty Richardson Stafford (petitioners) failed to file their petition within the time prescribed by section 6213(a), petitioners argue that dismissal should be based on respondent's failure to issue a valid notice of deficiency under section 6212.  There being no dispute that we lack jurisdiction over the petition filed herein, we must resolve the parties' dispute regarding the proper ground for dismissal.  See Pietanza v. Commissioner, 92 T.C. 729, 735-736 (1989), affd. without published opinion 935 F.2d 1282 (3d Cir. 1991).

## Background

The taxable year in issue in this case is 1990.

Petitioners filed a joint Federal income tax return for the taxable year 1990.  On their return, petitioners listed their address as 6106 Mount Creek Place, Norcross, Georgia 30092-2324 (the Georgia address).

From June 1992 through August 1994, respondent and petitioners exchanged a substantial amount of correspondence

Court Rules of Practice and Procedure.

regarding respondent's examination of petitioners' 1990 income tax return. During this period, respondent addressed all correspondence to petitioners at the Georgia address.

In August 1993, petitioners' case was transferred to Appeals Officer Kay Strain in Atlanta, Georgia. On October 2, 1993, Betty Richardson Stafford (petitioner) advised Appeals Officer Strain in a telephone conversation that she (i.e., petitioner) had separated from petitioner John Stafford, but that she would continue to reside at the Georgia address. Appeals Officer Strain did not attempt to ascertain John Stafford's new address, nor did petitioner offer such information.

John Stafford resided in Brooklyn, New York, from November 1993 to November 1994. He did not notify respondent of his change of address.

In the meantime, on March 21, 1994, petitioners filed an amended joint income tax return for 1990. On their amended return, they listed the Georgia address as their address.[2] On July 25, 1994, and in response to receiving the amended 1990 return, respondent issued a statement of change of account to

---

[2] The Georgia address also appears on petitioners' joint income tax return for 1992, which was filed Apr. 26, 1993, and on petitioner's individual income tax return for 1993, which was filed Feb. 7, 1994. The record indicates that petitioner John Stafford failed to file an income tax return for 1993.

petitioners at the Georgia address reflecting adjustments to their 1990 income tax liability.

Petitioner worked as a seasonal employee at the Internal Revenue Service Center in Atlanta, Georgia (the Atlanta Service Center) during the spring of 1992, 1993, and 1994.  Petitioner's employment at the Atlanta Service Center terminated on April 21, 1994.

During August 1994, petitioner was evicted from the Georgia address and moved to 8217 South Blackstone Avenue, Chicago, Illinois 60619 (the Chicago address).  Petitioner did not notify Appeals Officer Strain of her new address.

On September 9, 1994, respondent mailed a joint notice of deficiency to petitioners.  In the notice, respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1990 in the amount of $21,340, an addition to tax in the amount of $5,335 under section 6651(a)(1), and an accuracy-related penalty in the amount of $4,268 under section 6662(a). The notice of deficiency was mailed to petitioners at the Georgia address.  Respondent verified the Georgia address by conducting a routine search of her computer records at the time that the notice of deficiency was prepared.  Respondent's file does not indicate that the notice of deficiency was returned undelivered by the U.S. Postal Service.

On April 10, 1995, respondent sent a notice to petitioner John Stafford at the Chicago address indicating that a portion of his 1994 tax refund would be applied to tax owing for the taxable year 1990. Petitioners filed an imperfect petition for redetermination with the Court on January 11, 1996. The petition was delivered to the Court in an envelope bearing a U.S. Postal Service postmark date of January 4, 1996. At the time that the petition was filed, petitioners resided at the Chicago address.

Hearings were conducted in this case on July 3, 1996, and July 31, 1996, in Washington, D.C. Counsel for respondent appeared at both hearings and argued in support of the pending motion. Although petitioner was unable to attend the first hearing for reasons beyond her control, she did appear at the second hearing and argued in opposition to respondent's motion.

During the course of the second hearing, petitioner stated that, to the best of her memory, she contacted the personnel department of the Atlanta Service Center by telephone some time during the fall of 1994 and notified that office of her new address in Chicago in an effort to ensure that her backpay, insurance information, and 1994 Form W-2 would be properly forwarded to her. Respondent was unable to find any record that petitioner reported her change of address to the personnel

department at the Atlanta Service Center during the period in question.

Discussion

This Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely-filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to a taxpayer by certified or registered mail. It is sufficient for jurisdictional purposes if the Commissioner mails the notice of deficiency to the taxpayer at the taxpayer's "last known address". Sec. 6212(b); Frieling v. Commissioner, 81 T.C. 42, 52 (1983). If a notice of deficiency is mailed to the taxpayer at the taxpayer's last known address, actual receipt of the notice is immaterial. King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); Yusko v. Commissioner, 89 T.C. 806, 810 (1987); Frieling v. Commissioner, supra at 52. The taxpayer, in turn, has 90 days (or 150 days under circumstances not present herein) from the date that the notice of deficiency is mailed to file a petition with this Court for a redetermination of the deficiency. Sec. 6213(a).

Respondent mailed the notice of deficiency in question to petitioners at the Georgia address on September 9, 1994. The petition arrived at the Court in an envelope postmarked January 4, 1996, and was filed by the Court on January 11, 1996. Given that the petition was neither mailed nor filed before the expiration of the 90-day statutory period for filing a timely petition, it follows that we lack jurisdiction over the petition. Secs. 6213(a), 7502; Rule 13(a), (c); see Normac, Inc. v. Commissioner, supra.

The question presented is whether dismissal of this case should be premised on petitioners' failure to file a timely petition under section 6213(a) or on respondent's failure to issue a valid notice of deficiency under section 6212. Petitioners contend that they did not receive the notice of deficiency and that the notice is invalid because it was not mailed to their last known address.

Although the phrase "last known address" is not defined in the Internal Revenue Code or in the regulations thereunder, we have held that a taxpayer's last known address is the address shown on the taxpayer's most recently filed return, absent clear and concise notice of a change of address. Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988); see King v. Commissioner, supra at 681. The burden of proving that a notice

of deficiency was not sent to the taxpayer's last known address is on the taxpayer. Yusko v. Commissioner, supra at 808.

Respondent mailed the notice of deficiency to the Georgia address listed on petitioners' 1990 amended tax return filed March 21, 1994--the last tax return filed by either petitioner prior to the mailing of the notice of deficiency. Consequently, the notice of deficiency was mailed to petitioners' last known address unless petitioners can demonstrate that they provided respondent with clear and concise notice of a change of address.

Petitioners' assertion that the notice of deficiency is invalid appears to be based on the related contentions that respondent knew or should have known that the Georgia address was an incorrect address, and that respondent received clear and concise notice of petitioners' changes of address.

Petitioners point to petitioner's statement to Appeals Officer Strain that petitioners were separated, as well as petitioner's eviction from the Georgia address, as evidence that respondent was aware that the Georgia address was not petitioners' correct address.

We are not persuaded that respondent knew or should have known that the Georgia address was an incorrect address. As we see it, the import of petitioner's October 1993 statement to Appeals Officer Strain that petitioners were no longer living together was countermanded in March 1994 when petitioners filed

their joint amended income tax return for 1990 listing the Georgia address as their address. See, e.g., <u>Joiner v. Commissioner</u>, T.C. Memo. 1992-300. Moreover, there is no indication in the record presented that respondent was aware, prior to mailing the notice of deficiency, that petitioner had been evicted from the Georgia address. Consistent with the foregoing, respondent did not receive clear and concise notice that the Georgia address was not petitioners' current address, and we so hold.

Petitioners' contention that respondent had clear and concise notice of their changes of address is based on petitioner's notification of her change of address to the personnel department at the Atlanta Service Center and the assertion that respondent had access to third-party information returns (such as Forms W-2) listing petitioner John Stafford's Brooklyn, New York address. We disagree with both of these contentions.

Although we harbor serious doubt that change-of-address information provided to the Commissioner in her role as an employer should be considered clear and concise notice of a change of address to the Commissioner in her role as administrator of the Federal income tax, we note that petitioner could not recall the exact date on which she advised the personnel department at the Atlanta Service Center of her new

address. Petitioner was only able to state that she telephoned the personnel department some time during the fall of 1994. Further, respondent was unable to find any record of the matter. Consequently, even assuming arguendo that such notice could be considered clear and concise notice of a taxpayer's change of address, petitioners have failed to prove that respondent received the critical information before mailing the notice of deficiency on September 9, 1994.

In addition, a third-party information return does not constitute clear and concise notice to respondent of an address change affecting the payee. See McCart v. Commissioner, T.C. Memo. 1992-3, affd. without published opinion 981 F.2d 1247 (3d Cir. 1992); Berg v. Commissioner, T.C. Memo. 1993-77. Further, consistent with our holding above that respondent was not aware that the Georgia address was not petitioners' current address, respondent had no reason to search third-party information returns for petitioner John Stafford's address.

In sum, petitioners failed to keep respondent apprised of their correct addresses. Respondent mailed the notice of deficiency to the address appearing on petitioners' most recently filed tax return--the same address that respondent derived from a search of her computer records at the time that the notice of deficiency was prepared. Considering all the facts and circumstances, we are convinced that respondent mailed

the notice of deficiency to petitioners at their last known address.  Therefore, we will grant respondent's Motion to Dismiss for Lack of Jurisdiction.[3]

In order to reflect the foregoing,

<u>An order granting respondent's motion and dismissing this case for lack of jurisdiction will be entered</u>.

---

[3]  Although petitioners cannot pursue their case in this Court, they are not without a legal remedy.  In short, petitioners may pay the tax, file a claim for refund with the Internal Revenue Service, and if the claim is denied or not acted on within 6 months, sue for a refund in the Federal District Court or the U.S. Court of Federal Claims. See <u>McCormick v. Commissioner</u>, 55 T.C. 138, 142 (1970).